# United States Court of Appeals
## For the First Circuit

No. 04-1618

PETER A. DIMMITT, JR.,

Plaintiff, Appellant,

v.

ALFRED OCKENFELS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Lynch, Circuit Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Walter F. McKee, with whom Lipman, Katz & McKee, P.A. was on brief for appellant.
Edward R. Benjamin, Jr., with whom Thompson & Bowie, LLP, was on brief for appellees.

May 12, 2005

**CYR, <u>Senior Circuit Judge</u>.**  In June 2003, Peter Dimmitt filed suit against the Town of Rockland, Maine, its police department and several police officers, alleging that the police had used excessive force in effecting his arrest.  The defendants filed a motion for summary judgment, as well as the required statement of material facts and supporting record citations.  <u>See</u> Me. U.S. Dist. Ct. Local R. 56(b).[1]  Dimmitt's counsel submitted a timely opposition to the motion, but the accompanying statement of material facts (setting forth his putative evidence relating to the use of excessive force) did not comply with Local Rule 56(c), which requires that the counterstatement expressly admit, deny or qualify each paragraph of the defendants' statement of material facts.[2]

Defendants filed a motion to strike the Dimmitt

---

[1]Local Rule 56(b) requires the filing of a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation."  Me. U.S. Dist. Ct. Local R. 56(b).

[2]Local Rule 56(c) provides, in pertinent part:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.

Me. U.S. Dist. Ct. Local R. 56(c).

-2-

counterstatement as noncompliant with the local rules. Dimmitt's counsel responded that any noncompliance was due to "excusable neglect," see Fed. R. Civ. P. 6 (b),[3] and explained:

> Difficult as it may be to admit, Plaintiff's counsel's failure to properly file an opposing statement of facts in dispute is based upon inexperience with the requirements of the District Court and unfamiliarity with the local rules. Counsel has not participated in a civil case in U.S. District Court for several years (but for a busy bankruptcy practice) and is attempting to get up to speed as soon as is humanly possible. Counsel has had extreme difficulties with everything from perfecting his ECF participation to keeping up with the speed of the system compared to that of the State court system, to which he is intimately acquainted. While his pleadings may not have been set forth in the required manner, Plaintiff has made a good-faith effort to show the Court that there are substantial disagreements regarding the facts of this case through the submission of his own Statement of Material Facts.

The district court granted the motion to strike. Then, in the absence of a timely Rule 56(c) counterstatement demonstrating

---

[3]Rule 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6 (b).

evidence of the use of excessive force, it proceeded to grant summary judgment for the defendants.  Dimmitt now appeals from that judgment insofar as it rests upon the allowance of the defendants' motion to strike the counterstatement.[4]

The district court ruling that Dimmitt failed to demonstrate "excusable neglect" is reviewed only for abuse of discretion.  See Fed. R. Civ. P. 6(b); Bennett v. City of Holyoke, 362 F.3d 1, 4-5 (1st Cir. 2004).  In so doing, we accord broad deference to the special role of the district court in administering its local procedural rules.  See Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004).

On appeal, Dimmitt contends that the district court applied an inflexible "excusable neglect" standard, which was explicitly rejected in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993) (describing "excusable neglect" as an "elastic concept").  Dimmitt argues that his counsel presented credible reasons for his mistake, and that there exists no evidence either that his attorney acted in bad faith or that the 18-day delay in submitting a compliant counterstatement prejudiced the defendants' case.  See id. at 395 (enumerating some factors pertinent to "excusable neglect" inquiry).

---

[4]The district court cited alternate grounds for allowing specific aspects of the defendants' summary judgment motion, but Dimmitt does not challenge these grounds on appeal.

-4-

It is true that the "excusable neglect" inquiry involves "a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the movant's lapse." <u>Bennett</u>, 362 F.3d at 5. We can discern no abuse of discretion, however, in the district court's equitable decision not to excuse the late filing by Dimmitt's counsel in the present circumstances.

First, as we have repeatedly held, "even under the flexible standard prescribed by <u>Pioneer</u>," counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute "excusable neglect". <u>See</u> <u>Pioneer</u>, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'"); <u>Stonkus</u> v. <u>City of Brockton Sch. Dep't</u>, 322 F.3d 97, 101 (1st Cir. 2003); <u>Graphic Communications Int'l Union, Local 12-N</u> v. <u>Quebecor Printing Providence, Inc.</u>, 270 F.3d 1, 6-7 (1st Cir. 2001); <u>Hospital Del Maestro</u> v. <u>NLRB</u>, 263 F.3d 173, 175 (1st Cir. 2001) (per curiam).

Moreover, among the factors enumerated in <u>Pioneer</u>, by far the most critical is the asserted reason for the mistake. <u>See</u> <u>Hospital Del Maestro</u>, 263 F.3d at 175. Here, Dimmitt's counsel proffered two reasons for the lapse: (i) he was accustomed to practicing in the state-court system, and was having difficulty

-5-

adapting to "the speed of the [federal-court] system"; and (ii) he was unfamiliar with the local district court rules relating to summary judgment. Neither explanation warrants relief.

Had Dimmitt's counsel been experiencing difficulty in meeting the 21-day deadline for submitting the opposition in a compliant manner, he need simply have moved for an extension prior to its expiration, which could have been allowed under the more liberal "good cause" or "cause shown" standard. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004); accord Hamby v. Thomas Realty Assocs., 617 A.2d 562, 564 (Me. 1992) (noting, in analogous context, that "'good cause' standard is less stringent than the . . . 'excusable neglect' standard"); cf. Me. R. Civ. P. 6(b). Indeed, the district court already had demonstrated its willingness to accommodate counsel's purported lack of familiarity with one aspect of federal-court practice – the use of the electronic filing system – by granting counsel's request for an exemption from it.

Further, both the state and the federal rules prescribe the identical 21-day deadline for filing an opposition to a summary judgment motion, see Me. Local R. 7(c) (2) & (3) ("Any party opposing any other motion shall file a memorandum and any supporting affidavits or other documents in opposition to the motion not later than 21 days after the filing of the motion, unless another time is set by the court. . . . A party failing to

-6-

file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion."), and counsel never explained how he could have been overwhelmed by federal summary judgment deadlines, yet not by identical state deadlines.

Finally, the requirement that the counterstatement of a party opposing summary judgment must reference each numbered paragraph of the moving party's statement of material facts, and expressly admit, deny or qualify the facts alleged therein, likewise are identical in the federal rules and local state rules. Thus, it is simply not plausible that counsel submitted this noncompliant counterstatement of material facts because he would have done so in the Maine Superior Court.

As Dimmitt's counsel proffered no valid reason for the noncompliance, the protestations of good faith and insistence that defendants were not prejudiced by his mistake plainly do not suffice as grounds for setting aside the district court determination that his mistake could not be considered "excusable neglect." See Hospital Del Maestro, 263 F.3d at 175 (noting that, since the proffered reason for the mistake is the most pivotal factor, a finding of bad faith is not a prerequisite to the conclusion that a party's neglect was inexcusable); Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998) (same).

**Affirmed**.